# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CERTIFIED NUTRACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE CLOROX COMPANY, et al., <br><br> Defendants. | Case No.: 18-CV-0744 W (KSC) <br><br> **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND TO STRIKE [DOCS. 13, 14]** |

Pending before the Court are a motion to dismiss and a motion to strike brought by Defendants the Clorox Company, Nutranext, LLC, and Neocell Holding Company, LLC. [Docs. 13, 14.] The Court decides the matters on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons that follow, the Court **GRANTS** both motions.

//
//
//
//
//
//

1

# I. BACKGROUND[1]

According to the First Amended Complaint ("FAC"), "[t]his lawsuit arises from Defendants['] deceptive marketing practices selling inferior chicken carcasses . . . ." (*FAC* [Doc. 12] ¶ 1.) The FAC alleges that Defendants the Clorox Company ("Clorox"), Neocell Holding Company, LLC ("Neocell"), and Nutranext, LLC ("Nutranext"), are retailers that sell dietary supplements using the raw materials provided by Plaintiff's competitor, Avicenna Nutraceutical, LLC ("Avicenna"). (*See FAC* [Doc. 12] ¶¶ 21–31.)

## A. Chicken Sternum Collagen Type II

According to the FAC, Clorox, Neocell, and Nutranext "have been falsely passing off inferior products as Chicken Sternum Collagen Type II[,]" which is contained in Plaintiff's product. (*FAC* [Doc. 12] ¶ 21, 27.) "Avicenna sells chicken collagen which it passes off as Chicken Sternum Collagen Type II, but, in reality, is derived from Chicken 'full frames.' " (*Id.* [Doc. 12] ¶ 23.) "Avicenna sold its raw materials to [Clorox, Neocell, and Nutranext] at the price of $22[/]kg, however the market rate for Chicken Sternum Collagen Type II is $85/kg, which provides [Clorox, Neocell, and Nutranext] with an unfair competitive advantage. Avicenna and [Clorox, Neocell, and Nutranext] knew, or should have known that their practices were deceptive." (*Id.* [Doc. 12] ¶ 24.)

The FAC alleges that "[Clorox, Neocell, and Nutranext, among others] purchase Avicenna's products and in turn pass them off as Chicken Sternum Collagen Type II so that they can market their respective retail products as containing the benefits of Chicken Sternum Collagen Type II, when they know this is false." (*FAC* [Doc. 12] ¶ 26.) It alleges that this gives them an unfair competitive advantage in the marketplace and decreases the demand for Chicken Sternum Collagen Type II. (*Id.* [Doc. 12] ¶ 27.)

//

---

[1] The FAC alleges the following facts. [Doc. 12]

2

**B.     Hyaluronic Acid**

According to the FAC, hyaluronic acid ("HA") is a supplement derived either from rooster comb or biofermentation, a process using bacteria in the laboratory.  (*FAC* [Doc. 12] ¶¶ 28, 30–31.)  Plaintiff makes its HA products out of rooster comb, and it deems those made from biofermentation "inferior."  (*Id.* [Doc. 12] ¶¶ 30–31.)  The FAC alleges that Clorox, Neocell, and Nutranext all falsely advertise their HA products as derived from rooster comb, when in fact they come from biofermentation.  (*Id.*)

## II.     LEGAL STANDARDS

### A.     Motion to Dismiss Pursuant to Rule 12(b)(6)

The Court must dismiss a cause of action for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint.  See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory.  Balisteri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).  In ruling on the motion, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party."  Vasquez v. L.A. Cnty., 487 F.3d 1246, 1249 (9th Cir. 2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Supreme Court has interpreted this rule to mean that "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007).  The allegations in the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Well-pled allegations in the complaint are assumed true, but a court is not required to accept legal conclusions couched as facts, unwarranted deductions, or unreasonable

1 | inferences.  See Papasan v. Allain, 478 U.S. 265, 286 (1986); Sprewell v. Golden State
2 | Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

### B. Motion to Strike Pursuant to Rule 12(f)

Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). " 'The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . .' " Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (quoting Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), *overruled on other grounds*, Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994)).  Motions to strike are generally disfavored and are "usually . . . denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties."  See Travelers Cas. & Sur. Co. of Am. v. Dunmore, 2010 WL 5200940, at *3 (E.D. Cal. 2010).

Redundant matter is the needless repetition of assertions.  See Travelers, 2010 WL 5200940, at *3.  " 'Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being plead.' " Whittlestone, 618 F.3d at 974 (quoting Fogerty, 984 F.2d at 1527).  "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." Id. (internal quotation omitted).  "Scandalous matters are allegations that unnecessarily reflect . . . on the moral character of an individual or state . . . anything in repulsive language that detracts from the dignity of the court . . . and include . . . allegations that cast a cruelly derogatory light on a party or other person." Consumer Solutions REO, LLC v. Hillery, 658 F. Supp. 2d 1002, 1020 (N.D. Cal. 2009) (quoting Corbell v. Norton, 224 F.R.D. 1, 5 (D.D.C. 2004); In re 2TheMart.com Secs. Litig., 114 F. Supp. 2d 955, 964 (C.D. Cal. 2000)) (internal punctuation omitted).

//

The court may not strike from the pleadings any disputed and substantial factual or legal issue. See Whittlestone, 618 F.3d at 973–74 (9th Cir. 2010). Any doubt about whether the matter under attack raises a factual or legal issue should be resolved in favor of the non-moving party. See id. at 975 n.2.

### C. Pleading Fraud per Rule 9(b)

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir .1997)) Plaintiffs must plead enough facts to give defendants notice of the time, place, and nature of the alleged fraud together with an explanation of the statement and why it was false or misleading. See id. at 1107. Fraud pleading must be sufficient to give defendants notice of the circumstances surrounding an allegedly fraudulent statement. See In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547 (9th Cir.1994) (superseded by statute on other grounds as stated in Ronconi v. Larkin, 253 F.3d 423, 429 n.6 (9th Cir. 2001)). Those circumstances must "be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Vess, 317 F.3d at 1106 (quoting Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001)) (internal quotation marks omitted). "The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993).

//
//
//
//

5

## III. DISCUSSION

### A. Motion to Dismiss

#### 1. Chicken Sternum Collagen Type II

Plaintiff's Lanham Act claims are grounded in fraud and must meet Rule 9(b)'s pleading requirements. See 15 U.S.C. § 1125(a); Fed. R. Civ. P. 9(b); Bobbleheads.com, LLC v. Wright Brothers, Inc., 259 F. Supp. 3d 1087, 1095 (2017) (Sammartino, J.); Vess, 317 F.3d at 1106.

Plaintiff alleges:

> Defendants Neocell, Nutranext, and Clorox . . . have been falsely passing off inferior products as Chicken Sternum Collagen Type II. For example, Neocell Collagen2 Joint Complex lists as an ingredient "Sternal Chicken Collagen," however, independent testing has revealed the contents of this product are not comprised of pure Sternal Chicken, but rather chicken carcasses of inferior quality which are much more inexpensive to produce.

(*FAC* [Doc. 12] ¶ 21.)

Averring an example of an alleged deceptive practice is not enough to comport with Rule 9. The falsehood or falsehoods in question must be alleged with particularity—including the time, place, and manner of the statement/s—so that defendants have notice of what was said and why it was false or misleading, and can do more than "just deny that they have done anything wrong." See Fed. R. Civ. P. 9(b); Vess, 317 F.3d at 1106.

//
//
//
//
//
//
//
//

### 2. Hyaluronic Acid

The FAC alleges:

> [Defendants Neocell, Nutranext, and Clorox] have also engaged in the false advertising of their HA product as being derived from Rooster Comb. Again, Defendant Neocell's product are not comprised of Rooster Comb but of inferior products made through Biofermentation in China.

(*FAC* [Doc. 12] ¶ 30.) This does not identify any particular misrepresentation attributed to these defendants. It does not comport with the fraud pleading standard of Rule 9(b) and will be dismissed on that basis.

### B. Request for Judicial Notice

In opposition to the instant motion to dismiss, Plaintiff requests judicial notice as to several labels and advertisements—apparently sourced from photographs or printed from the internet. These are not appropriate subjects for judicial notice. See Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . is generally known within the trial court's territorial jurisdiction; or . . . can be accurately or readily determined from sources whose accuracy cannot reasonably be questioned."). The request is denied.

### C. Motion to Strike

Plaintiff has filed a notice of non-opposition to Defendants' motion to strike punitive damages. [Doc. 17.] The motion to strike will be granted. Plaintiff's prayer for punitive damages will be stricken.

//
//
//
//
//
//

## IV. CONCLUSION AND ORDER

For the foregoing reasons, Defendants' motion to dismiss and motion to strike are both **GRANTED**.

Plaintiff will have leave to amend the FAC in accordance with the terms of this order. See Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires.")

Plaintiff shall file any amended pleading by **Monday, October 15, 2018**.

**IT IS SO ORDERED.**

Dated: September 27, 2018

Hon. Thomas J. Whelan
United States District Judge