# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CERTIFIED NUTRACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE CLOROX COMPANY, et al., <br><br> Defendants. | Case No.: 18-CV-0744 W (KSC) <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [DOC. 42]** |

Pending before the Court is a motion to dismiss Plaintiff's Second Amended Complaint ("SAC") brought by Defendants Sarah Quadri and Fatma Boukhari. [Doc. 42.] The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons that follow, the Court **GRANTS** the motion.

//
//
//
//
//
//

1

## I. BACKGROUND

The Second Amended Complaint ("SAC") alleges that Defendants the Clorox Company, Neocell Holding Company, and Nutranext are retailers that sell dietary supplements using the raw materials provided by Plaintiff's competitor, Avicenna Nutraceutical, LLC ("Avicenna"). (*See SAC* [Doc. 21] ¶¶ 20–32.)

The SAC alleges that Clorox, Neocell, and Nutranext "have been falsely passing off inferior products as Chicken Sternum Collagen Type II[,]" which is contained in Plaintiff's product. (*SAC* [Doc. 21] ¶¶ 16, 20, 32.) "Avicenna sells chicken collagen which it passes off as Chicken Sternum Collagen Type II, but, in reality, is derived from Chicken 'full frames.' " (*Id.* [Doc. 21] ¶ 22.) "Avicenna sold its raw materials to [Clorox, Neocell, and Nutranext] at the price of $22[/]kg, however the market rate for Chicken Sternum Collagen Type II is $85/kg, which provides [Clorox, Neocell, and Nutranext] with an unfair competitive advantage. Avicenna and [Clorox, Neocell, and Nutranext] knew, or should have known that their practices were deceptive." (*Id.* [Doc. 21] ¶ 23.)

The SAC further alleges that "[Clorox, Neocell, and Nutranext, among others] purchase Avicenna's products and in turn pass them off as Chicken Sternum Collagen Type II so that they can market their respective retail products as containing the benefits of Chicken Sternum Collagen Type II, when they know this is false." (*SAC* [Doc. 21] ¶ 25.) It alleges that this gives them an unfair competitive advantage in the marketplace and decreases the demand for Chicken Sternum Collagen Type II. (*Id.* [Doc. 21] ¶ 32.)

The SAC alleges that Defendants Quadri and Boukhari are the principals of Defendants Neocell, Nutranext, and Clorox. (*SAC* [Doc. 21] ¶¶ 20, 21.) It alleges that Clorox, Neocell, Neocell Holdings, Quadri, Boukhari, and Nutranext, "on information and belief, at one time had ownership or control over Neocell branded products and controlled the sale of adulterated products under the Neocell brand." (*Id.* [Doc. 21] ¶ 24.) It alleges that Quadri and Boukhari "are privy to the facts detailed [in the SAC] and have

profited from the illicit scheme[.]" (*Id.*) It does not allege any misrepresentations made by Defendants Quadri or Boukhari. (*SAC* [Doc. 21].)

## II. LEGAL STANDARDS

### A. Motion to Dismiss Pursuant to Rule 12(b)(6)

The Court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In ruling on the motion, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." Vasquez v. L.A. Cnty., 487 F.3d 1246, 1249 (9th Cir. 2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to mean that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007). The allegations in the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Well-pled allegations in the complaint are assumed true, but a court is not required to accept legal conclusions couched as facts, unwarranted deductions, or unreasonable inferences. See Papasan v. Allain, 478 U.S. 265, 286 (1986); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

3

18-CV-0744 W (KSC)

### B. Pleading Fraud per Rule 9(b)

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)) Plaintiffs must plead enough facts to give defendants notice of the time, place, and nature of the alleged fraud together with an explanation of the statement and why it was false or misleading. See id. at 1107.

Fraud pleading must be sufficient to give defendants notice of the circumstances surrounding an allegedly fraudulent statement. See In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1547 (9th Cir. 1994) (superseded by statute on other grounds as stated in Ronconi v. Larkin, 253 F.3d 423, 429 n.6 (9th Cir. 2001)). Those circumstances must "be 'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.' " Vess, 317 F.3d at 1106 (quoting Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001)) (internal quotation marks omitted). "The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993).

### III. DISCUSSION

#### A. Rule 9(b)

Plaintiff's Lanham Act claims are grounded in fraud and must meet Rule 9(b)'s pleading requirements. (*SAC* [Doc. 21] ¶¶ 33–34, 41–42.) See 15 U.S.C. § 1125(a); Fed. R. Civ. P. 9(b); Bobbleheads.com, LLC v. Wright Brothers, Inc., 259 F. Supp. 3d 1087, 1095 (2017) (Sammartino, J.); Vess, 317 F.3d at 1106.

4

The SAC alleges misrepresentations by Defendants Neocell, Nutranext, and Clorox.  (*SAC* [Doc. 21] ¶¶ 20–32.)  It alleges no misrepresentations by Defendants Quadri or Boukhari.  Nor does it allege with particularity any facts that could give rise to individual liability for the actions of the corporate defendants.  The SAC must be dismissed as to the individual defendants for failure to comply with Rule 9(b).

### IV. CONCLUSION AND ORDER

Defendants' motion to dismiss is **GRANTED**.  [Doc. 42.]

Plaintiff will have leave to amend in accordance with the terms of this order.[1]  Any amended pleading must be filed on or before **Monday, June 24, 2019**.

**IT IS SO ORDERED.**

Dated: June 10, 2019

Hon. Thomas J. Whelan
United States District Judge

---

[1] "The Court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).

5
18-CV-0744 W (KSC)