# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CERTIFIED NUTRACEUTICALS, INC. a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE CLOROX COMPANY, a Delaware Corporation; NEOCELL CORPORATION, a California Corporation; NEOCELL HOLDING COMPANY, a Delaware Limited Liability Company; NUTRANEXT, a Delaware Corporation; AVICENNA NUTRACEUTICAL, LLC, a Georgia Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 18-cv-00744 W (KSC)<br><br>**ORDER:**<br><br>**DENYING DEFENDANT SARAH QUADRI AND FATMA BOUKHARI'S MOTION FOR ATTORNEY'S FEES [DOC. 56]** |

Pending before the Court is Defendant Sarah Quadri and Fatma Boukarhi's (collectively, "Individual Defendants") motion for attorney's fees. [Doc. 56.] The Court decides the matter without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons that follow, the Court **DENIES** Defendants' motion for attorney's fees.

//

1

## I. BACKGROUND

This case was initially filed by the Plaintiff, Certified Nutraceuticals, against Defendants, The Clorox Company, Neocell Corporation, Neocell Holding Company, Nutranext, Sarah Quadri, Fatma Boukhari, Avicenna Nutraceutical LLC, and Does 1 through 10. The original complaint alleged false advertising in violation of the Lanham Act, false designation of origin in violation of the Lanham Act, unfair competition, and false advertising.

The Plaintiff filed a Second Amended Complaint ("SAC") which alleged that Defendants, The Clorox Company, Neocell Holding Company, and Nutranext, are retailers that sell dietary supplements using raw materials provided by the Plaintiff's competitor, Defendant Avicenna Nutraceutical, LLC ("Avicenna"). The SAC alleged that Defendants "have been falsely passing off inferior products as Chicken Sternum Collagen Type II[,]" which is contained in the Plaintiff's product. (*SAC* [Doc 21] ¶¶ 16, 20, 23.) Additionally, the SAC alleged Avicenna sold its raw materials at a lower market rate giving them an unfair competitive advantage and that Avicenna knew or should have known their practices were deceptive. (*SAC* ¶ 23.) The SAC alleged the Individual Defendants are the principals of Defendants Neocell Holding Company, Nutranext, and The Clorox Company. (*SAC* ¶¶ 20, 21.)

On May 6, 2019, the Individual Defendants filed a motion to dismiss for failure to state a claim. [Doc. 42.] The Court found that the SAC did not claim misrepresentation by the Individual Defendants; nor did the SAC allege with particularity any facts that could give rise to individual liability on behalf of the Individual Defendants. (*Order Granting Defs.' Mot. Dismiss* [Doc. 49] 5:2-4.) The Plaintiff was warned of these deficiencies when the Individual Defendants served the Plaintiff with a draft Rule 11 motion that demanded dismissal from the case. (*Defs.' Mot. Attorney Fees* [Doc. 56] 6:22-26.) The Plaintiff nevertheless continued with its claims, filing an opposition to the motion to dismiss. (*Id.* at 7:1.) The Court granted the Individual Defendants' motion to dismiss with leave to amend on June 10, 2019. (*Order Granting Defs.' Mot. Dismiss*.)

2

The Plaintiff filed a Third Amended Complaint in compliance with the June 10, 2019 order and did not name the Individual Defendants. (*TAC* [Doc 50].) Approximately three months later, the Individual Defendants filed this motion for attorney's fees in the amount of $73,805.20 pursuant to the Lanham Act (15 U.S.C. § 117(a)).

## II. LEGAL STANDARD

Section 35(a) of the Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). "A 'prevailing party' is one who has been awarded some relief by the court." Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Human Res., 532 U.S. 598, 603 (2001). Prevailing party status rests on a judicial sanction that materially alters the parties' legal relationship. Klamath Siskiyou Wildlands Ctr v. U.S. Bureau of Land Mgmt., 589 F.3d 1027, 1031 (9th Cir. 2009). Judgments on the merits and court-ordered decrees create a material alteration of the parties legal relationship and permit an award. Buckhannon, 532 U.S. at 598. Yet, a defendant's voluntary change in conduct, although accomplishing what the plaintiff sought to achieve, "lacks the necessary judicial *imprimatur* on the change." Id. at 598–98.

Not only does the party requesting fees need to be the prevailing party, but the court must also determine the case is an exceptional one to grant the award. See § 1117(a). To determine if a case is exceptional, the Supreme Court has held that a district court should look to the totality of the circumstances to determine if the infringement was exceptional. Octane Fitness, LLC v. ICON Health & Fitness, Inc., 572 U.S. 545, 554 (2014). "[A]n 'exceptional' case stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable way in which the case was litigated." Id. Specifically, the court looks to a "'nonexclusive' list of 'factors' including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" SunEarth, Inc. v. Sun Earth Solar

Power Co.,839 F.3d 1179, 1181 (9th Cir. 2016) (citing Octane Fitness, 572 U.S. at 558 n.6).

### III. DISCUSSION

The issue here is whether the Individual Defendants are the prevailing party as a result of the order granting the motion to dismiss. The Plaintiff argues the Individual Defendants are not the prevailing party because the order granted the dismissal with leave to amend. (See *Pl.s' Opp'n* [Doc. 58].) The Individual Defendants counter, arguing they are the prevailing party because the Plaintiff is precluded from refiling its claim against them. (See *Defs.' Reply* [Doc. 60] 4:1-2.)

A dismissal without prejudice does not materially alter the legal relationship of the parties. U.S. v. Milner, 583 F.3d 1174, 1196–97 (9th Cir. 2009). This is because the defendant remains subject to the risk of refiling. Id. However, a defendant is the prevailing party if the plaintiff is precluded from refiling the claim against the defendant. Cadkin v. Loose, 569 F.3d 1142, 1149 (9th Cir. 2009).

Here, the Court granted the Individual Defendants' motion to dismiss with leave to amend. This gave the Plaintiff the opportunity to refile its claim against the Individual Defendants. Even though the Plaintiff did not include the Individual Defendants in its Third Amended Complaint, the fact that the Plaintiff chose not to does not mean they cannot add the Individual Defendants at a later date. See Buckhannon, 532 U.S. at 605 (explaining voluntary conduct lacks judicial *imprimatur* and does not constitute a judicial sanction.) Although the order granting the motion to dismiss conditioned the amended pleading to be filed on or before June 24, 2019, the Plaintiff still has an opportunity to ask the Court's permission to refile against the Individual Defendants in a Fourth Amended Complaint. Because the Plaintiff can ask the Court's permission to file a Fourth Amended Complaint, the Plaintiff is not yet precluded from refiling the claim against the Individual Defendants. Thus, the Individual Defendants are not the prevailing party.

4

Because we have concluded the Individual Defendants are not the prevailing party, we need not discuss whether this case is an exceptional one pursuant to the Lanham Act.

## IV. CONCLUSION & ORDER

For the foregoing reasons, the Court **DENIES** the Individual Defendants' motion for attorney's fees [Doc. 56].

**IT IS SO ORDERED.**

Dated: February 19, 2020

Hon. Thomas J. Whelan
United States District Judge