UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CERTIFIED NUTRACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE CLOROX COMPANY, a Delaware corporation; NEOCELL CORPORATION, a California corporation; NEOCELL HOLDING COMPANY, a Delaware limited liability company; NUTRANEXT, a Delaware corporation; AVICENNA NUTRACEUTICAL, LLC, a Georgia limited liability company, <br><br> Defendants. | Case No.: 3:18-cv-00744-W-KSC <br><br> **ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE; ORDER DENYING AS MOOT MOTION TO SEAL** <br> **[Doc. Nos. 93, 94, 95]** |

Before the Court is the parties' Joint Motion for Determination of Discovery Dispute Regarding Plaintiff's Interrogatories 13-17 to Clorox, Interrogatories 16-19 to Nutranext, Requests for Production 26-30 to Clorox, and Requests for Production 34-38 to Nutranext (the "Joint Motion"). Doc. Nos. 94 (under seal), 95 (public version). The Court held conferences with counsel regarding the present dispute on June 5, 2020, and

June 22, 2020. Pursuant to the Court's order (Doc. No. 86), the parties then submitted the Joint Motion on June 30, 2020, wherein plaintiff moves to compel further responses to interrogatories and requests for production. Plaintiff also moves for an award of his attorneys' fees incurred in bringing the Joint Motion. The parties jointly move to seal several exhibits to their Joint Motion, and portions of the Joint Motion which describe or quote from those exhibits (the "Motion to Seal"). Doc. No. 93. Having considered the parties' submissions, and for the reasons set forth below, the Court DENIES plaintiffs' Motion to Compel further discovery responses; DENIES plaintiff's request for attorneys' fees; and DENIES AS MOOT the parties' Motion to Seal. Within 4 days of the date of this Order, defendants may file a renewed motion to seal as set forth herein.

## I.  DISCOVERY DISPUTE

### A. Background

Plaintiff Certified Nutraceuticals, Inc. ("plaintiff") imports, sells, licenses and distributes ingredients for nutraceutical companies, among which are collagen products, and in particular a type of collagen ingredient known as Chicken Sternum Collagen Type II. *See* Third Amended Complaint (the "Complaint"), Doc. No. 50, ¶14. According to plaintiff, Chicken Sternum Collagen II has unique properties that lend themselves to therapeutic and nutritional uses. *Id.*, ¶16. Plaintiff alleges that defendants deceptively market and falsely label products made from inferior-quality, lower-priced chicken carcasses as containing Chicken Sternum Collagen Type II, in violation of the Lanham Act. *Id.*, ¶¶1, 2, 18-22; 30-40.

Plaintiff served interrogatories and requests for production on defendants Clorox Company ("Clorox") and Nutranext ("Nutranext," and, with Clorox, "defendants")[1] on April 10, 2020. The discovery requests at issue are included verbatim in the Joint

---

[1] Also named in the Complaint are Avicenna Nutraceutical, LLC, a supplier of raw ingredients, and Neocell Corporation and Neocell Holding Company, which were acquired by Nutranext and, later, Clorox. These defendants are not parties to the present discovery dispute.

Motion, so the Court will not reproduce them here.[2] *See* Jt. Mot. at 2-3. Broadly, plaintiff seeks information and documents related to defendants' unit sales, revenues, profits, costs and expenses related to the sale of the deceptively-labeled collagen products. *Id.* According to plaintiff, this information is "directly relevant" to its ability to establish damages, because "defendant's profits" are recoverable under the Lanham Act. *Id.* at 4 (citing 15 U.S.C. §1117(a)).

Defendants served objections and verified responses to plaintiff's discovery on May 11, 2020. Defendants objected that the discovery was cumulative, duplicative, disproportional to the needs of the case, and overbroad. Defendants also represented that plaintiff sought information that did not exist – specifically, plaintiff had requested financial information "by product line," but defendants did not maintain their financial records at that level of detail. *Id.* at 16-17. Notwithstanding their objections, defendants compiled a spreadsheet of financial information which was produced to plaintiff shortly after the parties' first conference with the Court. *Id.* at 17. Defendants represent that the spreadsheet encompasses all the financial information in their control, which begins with Clorox's acquisition of Nutranext in April 2018. *Id.* at 17.

### B. Legal Standard

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

If a party fails to answer written interrogatories or produce documents in response

---

[2] The parties also lodged the subject discovery directly with this Court's chambers.

to written requests, the party seeking discovery may move for an order compelling disclosure. Fed. R. Civ. P. 37(a)(3) & (4). "While the party seeking to compel discovery has the burden of establishing that its request satisfies relevancy requirements, the party opposing discovery bears the burden of showing that discovery should not be allowed, and of clarifying, explaining, and supporting its objections with competent evidence." *Lofton v. Verizon Wireless (VAW) LLC*, 308 F.R.D. 276, 281 (N.D. Cal. 2015). The Court "must limit" any proposed discovery if it determines that the discovery sought is "unreasonably cumulative or duplicative" or "outside the scope permitted by Rule 26(b)(1)," or where the propounding party "has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii). "District courts have broad discretion" in making this determination. *Surfvivor Media*, *Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005); *see also U.S. Fid. and Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n. 10 (9th Cir. 2011) ("'District courts have wide latitude in controlling discovery[.]'") (citation omitted).

## C. Discussion

### 1. Timeliness of the Joint Motion

Defendants raise two arguments regarding the timeliness of the Joint Motion. First, Defendants request that the Motion to Compel be denied in its entirety because "this discovery dispute was brought to the [C]ourt after the discovery cutoff of June 15, 2020." Jt. Mot. at 10 n.23. That is incorrect. The Court's first pre-motion conference with the parties concerning this dispute took place on June 5, 2020, ten days before the deadline to complete fact discovery. Furthermore, the discovery at issue was served on April 10, 2020, well before the fact discovery cutoff. *See Jensen v. BMW of North America*, LLC, No. 18-cv-103-WQH-NLS, 2018 WL 5389628, at *1 (S.D. Cal. Oct. 29, 2018) (finding discovery dispute raised after the fact discovery cutoff was timely where "the discovery itself was timely"). Accordingly, the Court will not deny the Motion on this basis.

Defendants' second timeliness argument is that plaintiff waived its right to compel responses to Interrogatories Nos. 13, 14, 15, and 17 to Clorox, Interrogatories Nos. 16,

17, 18 and 20 to Nutranext and all of the disputed Requests for Production (Nos. 26-30 to Clorox and Nos. 34-38 to Nutranext), because these discovery requests "duplicate" plaintiff's first set of interrogatories and first set of requests for production, both served on January 23, 2020 (the "January Discovery Requests").[3]  Jt. Mot. at 11-12; Young Decl., Doc. No. 97, ¶6.  Defendants assert that after serving plaintiff with their responses and objections to the January Discovery Requests on February 24, 2020, plaintiff did not meet and confer with them or pursue any relief from the Court, thereby waiving the right to the relief plaintiff now seeks.  Jt. Mot. at 11; Young Decl, ¶¶7-8.  Plaintiff does not deny that it did not move to compel further responses to the January Discovery Requests but asserts that the requests are "not duplicative" because the discovery requests at issue in the Joint Motion "were prepared after Plaintiff had engaged an expert on damages."  Jt. Mot. at 5.

The Court agrees with defendants.  Pursuant to Section VIII.B. of this Court's Civil Chambers Rules, discovery disputes are to be raised "within 30 days of the event giving rise to the dispute" – in this case, service of the initial responses to plaintiff's interrogatories and requests for production.  *See* Chambers Rules and Civil Pretrial Procedures for the Honorable Karen S. Crawford, § VIII.B.2.  The Court has reviewed the January Discovery Requests and is persuaded that the requests to which plaintiff now moves to compel responses are "substantially similar to [plaintiff's] previous demands" such that they did "not re-start the clock for filing a discovery motion."  *Bird v. PSC*

---

[3] The January Discovery Requests are attached as Exhibit D to the Declaration of Christopher M. Young in Support of Joint Motion for Determination of Discovery Dispute ("Young Decl.," Doc. No. 97).  *See* Doc. No. 97-4.  The requests include: Plaintiff Certified Nutraceuticals, Inc.'s First Set of Special Interrogatories to Defendant The Clorox Company ("First Interrogatories to Clorox," *id.* at 2-7); Plaintiff Certified Nutraceuticals, Inc.'s First Set of Requests for Production to Defendant The Clorox Company ("First RFPs to Clorox," *id.* at 8- 17); Plaintiff Certified Nutraceuticals, Inc.'s First Set of Special Interrogatories to Defendant Nutranext ("First Interrogatories to Nutranext," *id.* at 18-24); and Plaintiff Certified Nutraceuticals, Inc.'s First Set of Requests for Production to Defendant Nutranext ("First RFPs to Nutranext," *id.* at 25-34).  Where a specific request within the January Discovery Requests is referenced herein, the Court will refer to it by the foregoing short titles and the number of the request.

*Holdings I, LLC*, No. 12-cv-1528-W(NLS), 2013 WL 1120659, at *1 (S.D. Cal. Mar. 18, 2013).

For example, plaintiff moves to compel further responses to Interrogatory No. 13 to Clorox (and to the identical Interrogatory No. 16 to Nutranext), which requests the following:

> For each type of the COLLAGEN PRODUCTS that YOU sold during the RELEVANT TIME PERIOD, state the actual number of units sold by NUTRANEXT during each calendar year and quarter. (Jt. Mot. at 2.)

The Court cannot discern a meaningful difference between the foregoing interrogatory and these January Discovery Requests:

> State the number of units of the COLLAGEN PRODUCTS that YOU have sold during each year of the RELEVANT PERIOD. (*See* First Interrogatories to Clorox, No. 4; First Interrogatories to Nutranext, No. 4.)

As a further example, plaintiff moves to compel further responses to Request for Production No. 28 to Clorox (and to the identical Request for Production No. 36 to Nutranext), which requests the following:

> All [CLOROX/ NUTRANEXT] profit & loss statements, prepared on an annual and quarterly basis, that contain, memorialize or concern its sales revenues, costs of sales, expenses, and resulting earnings from its COLLAGEN PRODUCTS transactions during the RELEVANT TIME PERIOD. (Jt. Mot. at 3.)

Yet, in the January Discovery Requests, plaintiff requested the following documents from defendants:

> Any and all DOCUMENTS referring or relating to YOUR gross revenue from the sale of the COLLAGEN PRODUCTS during the RELEVANT PERIOD. (*See* First RFPs to Clorox, No. 6; RFPs to Nutranext, No. 8.)

6

3:18-cv-00744-W-KSC

> Any and all DOCUMENTS referring or relating to YOUR profits from the sales of the COLLAGEN PRODUCTS during the RELEVANT PERIOD. (*See* First RFPs to Clorox, No. 7; First RFPs to Nutranext, No. 9.)
>
> All of YOUR quarterly and annual financial statements for the RELEVANT PERIOD, including balance sheets, income statements, and profit and loss statements regarding the COLLAGEN PRODUCTS. (*See* First RFPs to Clorox, No. 17; First RFPs to Nutranext, No. 21.)
>
> Any and all DOCUMENTS referring or relating to YOUR costs of goods of the COLLAGEN PRODUCTS during the RELEVANT PERIOD. (*See* First RFPs to Nutranext, No. 10.)

The Court has carefully compared the discovery requests which are the subject of the Joint Motion to the January Discovery Requests and finds them to be impermissibly duplicative. "[C]ourts in this district … routinely reject" motions to compel responses to such duplicative discovery as improper "attempts to circumvent discovery deadlines[.]" *Jensen*, 2018 WL 5389628, at *2; *see also Cruz v. United States*, No. 14-cv-2956-LAB (DHB), 2016 WL 727066, at *2 (S.D. Cal. Feb. 24, 2016) (denying motion to compel where discovery "requested a specific subset of the documents" encompassed by discovery previously served). Specifically, the Court finds the following discovery requests to which plaintiff demands further responses to be duplicative of one or more of the January Discovery Requests:

| Request No. | Duplicative January Discovery Request(s) |
|---|---|
| **Interrogatories to Clorox** | |
| 13 | First Interrogatories to Clorox, No. 4 |
| 14 | First Interrogatories to Clorox, No. 5 |
| 15 | First Interrogatories to Clorox, No. 2 |
| 16 | First Interrogatories to Clorox, No. 2 |

| | |
|---|---|
| 17 | First Interrogatories to Clorox, No. 5 |
| **Interrogatories to Nutranext** | |
| 16 | First Interrogatories to Nutranext, No. 4 |
| 17 | First Interrogatories to Nutranext, No. 6 |
| 18 | First Interrogatories to Nutranext, No. 5 |
| 19 | First Interrogatories to Nutranext, Nos. 2,5 |
| 20 | First Interrogatories to Nutranext, No. 6 |
| **Requests for Production to Clorox** | |
| 26 | First RFPs to Clorox, Nos. 6, 17 |
| 27 | First RFPs to Clorox, Nos. 5, 11, 13 |
| 28 | First RFPs to Clorox, Nos. 7, 17 |
| 29 | First RFPs to Clorox, Nos. 7, 17 |
| 30 | First RFPs to Clorox, Nos. 5, 6, 13, 17 |
| **Requests for Production to Nutranext** | |
| 34 | First RFPs to Nutranext, Nos. 8, 9 |
| 35 | First RFPs to Nutranext, Nos. 6, 7, 10, 14, 16, 17 |
| 36 | First RFPs to Nutranext, Nos. 8, 9, 10, 21 |
| 37 | First RFPs to Nutranext, Nos. 8, 9, 10, 21 |
| 38 | First RFPs to Nutranext, Nos. 8, 9, 10, 21 |

Plaintiff's argument that its demonstrably repetitive discovery is "not duplicative" because the later-served requests were "prepared after [p]laintiff had engaged an expert on damages" is not persuasive. Jt. Mot. at 5. Plaintiff does not cite any authority that permits the Court to overlook unreasonably duplicative discovery requests so long as they were drafted with input from an expert consultant. To the contrary, Federal Rule of Civil Procedure 26(b) *requires* the Court to "limit" such discovery. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (directing that the court "must limit" unreasonably duplicative discovery); *see also Bird,* 2013 WL 1120659, at *1 (finding that propounding "substantially similar" discovery requests may justify issuance of a protective order).

Furthermore, the Court's review revealed that an overwhelming number of the interrogatories and document requests served in April were nearly identical to the January Discovery Requests on a broad range of topics, including but not limited to damages. Although these other requests are not the subject of the Joint Motion, the fact that plaintiff served so many substantially similar requests, and on a wide range of subjects, undermines its position that the later-served discovery merely reflects input from its damages expert. If plaintiff belatedly concluded that defendants' responses to the January Discovery Requests were insufficient, the proper course would have been to petition the Court for more time to meet and confer and pursue relief – not to "attempt to revive the filing deadline" by propounding duplicative discovery requests. *Cruz*, 2016 WL 727066, at *3 (S.D. Cal. Feb. 24, 2016); *see also Ramirez v. Zimmerman*, No. 3:17-cv-1230-BAS-NLS, 2019 WL 2179538, at *7 (S.D. Cal. May 20, 2019) (denying motion to compel as untimely because "[p]laintiff's re-issuance of a discovery request does not re-start the clock").

Accordingly, the Court further finds that because the discovery requests at issue in the Joint Motion are duplicative of the January Discovery Requests, the Joint Motion is untimely. *See Pac. Marine Propellers, Inc. v. Wartsila Defense, Inc.*, No. 17cv555 BEN (NLS), 2018 WL 1605177, at *3 (S.D. Cal. Apr. 3, 2018) (denying as untimely motion to compel responses to document request that sought "substantially similar" information as earlier-served discovery, and collecting cases). To hold otherwise would reward plaintiff for its "own lack of due diligence" and undermine the Court's ability to enforce the discovery deadlines clearly set out in its Chambers Rules. *ViaSat, Inc. v. Space Systems/Loral Inc.*, No. 12–CV–0260–H (WVG), 2013 WL 3467413, at *6 (S.D. Cal. July 10, 2013). This Court "is not inclined to indicate to these parties, or any parties, that they will be allowed to do an end run" around those deadlines. *Id.*

### 2. *Defendants' Other Objections*

Although the Court finds the Joint Motion untimely, it will nevertheless address defendants' other objections. Preliminarily, the Court rejects defendants' argument that

the discovery requests seek "wholly irrelevant" information. Jt. Mot. at 15.  Defendants' position is that because plaintiff's Complaint identifies only one product by name – Collagen 2 Joint Complex – that they are only required to produce responsive information related to that product.  Jt. Mot. at 13.

The Court disagrees.  Under Rule 26, relevance is "construed broadly" and "[d]iscovery is not limited to the issues raised only in the pleadings but rather it is designed to define and clarify the issues." *Hampton v. City of San Diego*, 147 F.R.D. 227, 229 (S.D. Cal. 1993); *see also Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679-80 (N.D. Cal. 2006) (noting that "[r]elevancy, for the purposes of discovery, is defined broadly, although it is not without 'ultimate and necessary boundaries'") (citation omitted).  Plaintiff's Complaint alleges that defendants "have purposely made false and misleading descriptions of fact concerning the nature, characteristics and qualities of its Chicken Collagen Type II products.  For example and without limitation, Neocell Collagen2 Joint Complex …" Complaint, ¶31; *see also id.*, ¶39 ("Defendants have misrepresented the nature, characteristics, and qualities of their Chicken Collagen Type II products …").  The discovery at issue requests documents and information regarding defendants' "COLLAGEN PRODUCTS," which term is defined as "collectively, any product or ingredient manufactured and/or sold by YOU containing type II collagen.  YOUR production and sale of COLLAGEN PRODUCTS is the subject of this action."[4] The Court cannot conclude that the discovery seeks a "broad swath of … financial information" untethered to plaintiff's claims.  *In re Wells Fargo Residential Mortg. Lending Discrimination Litig.*, 2009 WL 1771368, at *5 (N.D. Cal. June 19, 2009) (denying motion to compel).[5]

---

[4] The Court takes no position, however, on whether documents and testimony submitted by plaintiff "show[]" that Joint Complex 2 is "not the only product" that meets this definition.  Jt. Mot. at 8.

[5] Defendants also briefly assert that the discovery is also "not proportional to the needs of the case." Jt. Mot. at 13.  That argument appears to be predicated on defendants' position that the information and documents sought are not relevant, and for the reasons discussed above, the Court rejects it.

Nevertheless, defendants represent to the Court that notwithstanding their objections, they have already "produced all documents within their control which are responsive to the subject requests and pertain to the product at issue." Jt. Mot. at 16. Defendants further explain that Nutranext acquired Neocell (the original retailer of the allegedly falsely-labeled product) in July 2017, and then Clorox acquired Nutranext in April 2018. *Id.* Neither Clorox nor Nutranext has financial information predating Nutranext's acquisition of Neocell in July 2017, and the financial records they do possess were not maintained at the level of detail plaintiff seeks. *Id.* Defendants' Rule 30(b)(6) designees confirmed, under oath, the lack of responsive documents and information and that the reason no documents existed was because neither Clorox nor Nutranext maintained pre-acquisition financial records. Doc. No. 96 at 5:20-6:22; Doc. No. 96-1, at 5:17-24; 6:18-21; 7:16-8:5; 11:7-24.[6]

It is well-established that "[t]he Court cannot compel production of that which does not exist or is not in the possession and control of [defendants]." *Acosta v. JY Harvesting, Inc.*, No. 17-CV-1225-CAB-WVG, 2017 WL 3437654, at *3 (S.D. Cal. Aug. 10, 2017) (collecting cases). Defendants have made a representation to the Court, corroborated by the under-oath testimony of their corporate designees, that all available information and documents have been produced. Plaintiff is skeptical, but "[a] plaintiff's mere suspicion that additional documents must exist is an insufficient basis to grant a motion to compel." *In re Rivera*, No. CV 16-4676 JAK (SSx), 2017 WL 5163695, at *3 (E.D. Cal. Apr. 14, 2017) (*citing Bethea v. Comcast*, 218 F.R.D. 328, 329 (D.D.C. 2003). Plaintiff points to testimony from defendants' witnesses in which they disclaim knowledge of whether additional documents exist. Jt. Mot. at 9-10. However, a careful

---

Furthermore, defendants did not submit a declaration or other "competent evidence" supporting their objection, as they were required to do. *See Lofton,* 308 F.R.D. at 281.

[6] Working from the information that was available, however, defendants compiled and produced to plaintiff a "financial spreadsheet providing detailed estimates, on a quarterly basis, of costs and profit for the product at issue" for the period April 2018 to the date of production. Jt. Mot. at 17.

reading of the testimony shows that the witnesses confirmed that the documents plaintiff seeks likely do not exist, for the reasons defendants have explained in the Joint Motion. Thus, plaintiff has not established that there is reason to doubt defendants' representation that they have produced all responsive documents in their possession or control. *See Garcia v. Blahnik*, No. 14cv875-LAB-BGS, 2016 WL 385584, at *3 (S.D. Cal. July 15, 2016) (denying motion to compel where responding party "confirmed under oath that they provided all available information, and the Court ha[d] no reason to question that claim"). Accordingly, even if the Joint Motion were timely, the Court would deny plaintiff's Motion to Compel further responses to its document requests on the alternative basis that the Court cannot compel defendants to produce nonexistent documents.

## II. MOTION TO SEAL

### A. Preliminary Statement

At the outset, the Court notes that the parties' many procedural steps have made it difficult for the Court to discern what information is subject to a request to seal, and the basis of that request. For example, this Court's Civil Chambers Rules state that all "necessary and relevant exhibits" should be attached to the Joint Motion. Chambers Rules and Civil Pretrial Procedures for the Honorable Karen S. Crawford, § VIII.E.1.c. Instead, plaintiff and defendants filed a single Motion to Seal (Doc. No. 93), but inexplicably filed their supporting exhibits – some of them duplicates – separately. *See* Doc. Nos. 94, 96, 97. Both parties filed excerpts of the depositions of Rule 30(b)(6) witnesses Daulerio and Brown, although the pages excerpted from the transcripts varied between the parties. Pursuant to the Court's order (Doc. No. 86), plaintiff lodged the subject discovery directly with Chambers – yet also attempted to file it under seal, but instead placed the redacted copies of the exhibits on the Court's docket twice. For their part, Defendants did not lodge any documents, successfully filed exhibits under seal, but failed to file or otherwise provide the Court with proposed redactions to the under-seal exhibits. These procedural choices caused needless confusion and inefficiency. The

//

parties are requested to meet and confer going forward to organize their exhibits for a single, joint filing.

### B. Legal Standard

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*citing Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "'The presumption of access is 'based on the need for federal courts, although independent— indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (*quoting United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). The party requesting that documents be sealed bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. Where, as here, the documents to be sealed are attached to a non-dispositive discovery motion, the party requesting sealing must make a "'particularized showing'" of "'good cause.'" *Kamakana*, 447 F.3d at 1180 (*quoting Foltz*, 331 F.3d at 1137). "Good cause exists where the party seeking protection shows that specific prejudice or harm will result" if the request to seal is denied. *Anderson v. Marsh*, 312 F.R.D. 584, 594 (E.D. Cal. 2015).

### C. Discussion

In support of the Motion to Seal, plaintiff represents that the exhibits attached to his declaration were designated "confidential" or "highly confidential" pursuant to the blanket protective order in place in the action. Doc. No. 93 at 2-3. Defendants filed their exhibits as related to the Motion to Seal but did not state any additional reasons why the proposed exhibits should be sealed. Doc. No 96. In this Circuit, however, that does not suffice to establish good cause. *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470,

476 (9th Cir. 1992) (noting that blanket protective orders are "by nature overinclusive" and do not require a "'good cause' showing under [Rule] 26"); *see also Small v. Univ. Med. Ctr. of S. Nevada*, No. 2:13–cv–00298–APG–PAL, 2015 WL 1281549, at *3 (D. Nev. Mar. 20, 2015) (*citing Kamakana*, 447 F.3d at 1183) (noting that "[b]lanket protective orders are entered to facilitate the exchange of discovery documents" and do not make any "findings that a particular document is confidential or that a document's disclosure would cause harm."). The fact that defendants designated documents and testimony confidential is not, "[s]tanding alone," sufficient to establish good cause for sealing them. *Benchmark Young Adult School*, *Inc. v. Launchworks Life Svcs.*, *LLC*, No. 12–cv–02953–BAS(BGS), 2015 WL 2062046, at *2 (S.D. Cal. Apr. 30, 2015). Because the Court finds that neither party has made the requisite "particularized showing," the Court cannot seal the documents as requested.

However, the Court observes that the exhibits to plaintiff's counsel's declaration, which were lodged with chambers but not filed on the docket, were neither relevant nor necessary to the Court's determination of this dispute. To the extent the Court did not rely on the exhibits (and counsel's verbatim recitation of them in his declaration), there is no need to further burden the Court's docket with superfluous documents. These documents will be returned to plaintiff's counsel. Conversely, a review of the subject discovery requests was critical to the Court's determination that the Joint Motion was untimely. These documents were also lodged with chambers, but not filed on the docket, leaving the record incomplete. The Court also relied on the deposition excerpts submitted by defendants in determining that defendants had produced all responsive documents. Doc. Nos. 96, 96-1. These excerpts were filed under seal, and, consistent with the terms of the protective order, the Court will allow defendants 4 days from the date of this Order to make a showing that those transcript excerpts should remain under seal. If defendants choose to do so, they are advised to keep the above principles in mind, as well as the Court's responsibility to ensure that ***only*** the information that is necessary to protect defendants from harm is sealed. *See In re Roman Catholic Archbishop of*

*Portland in Or.*, 661 F.3d 417, 425 (9th Cir. 2011) (in determining whether to seal documents, "a court must still consider whether redacting portions of the discovery material will nevertheless allow disclosure").

## **ORDER**

For the foregoing reasons, the Court hereby ORDERS that:

1. Plaintiff's Motion to Compel further responses to Interrogatories No. 13-17 to Clorox; Interrogatories No. 16-19 to Nutranext; Requests for Production No. 26-30 to Clorox; and Requests for Production No. 34-38 to Nutranext is DENIED;
2. Plaintiff's request for his expenses, including attorneys' fees, is DENIED;
3. The parties' Motion to Seal (Doc. No. 93) is DENIED AS MOOT;
4. Within 4 days of the date of this Order, plaintiff **shall** file on the public docket the following discovery requests, dated April 10, 2020:

    - Plaintiff Certified Nutraceuticals, Inc.'s Second Set of Requests for Production of Documents to Defendant The Clorox Company;
    - Plaintiff Certified Nutraceuticals, Inc.'s Second Set of Requests for Production of Documents to Defendant Nutranext;
    - Plaintiff Certified Nutraceuticals, Inc.'s Second Set of Interrogatories to Defendant The Clorox Company;
    - Plaintiff Certified Nutraceuticals, Inc.'s Second Set of Interrogatories to Defendant Nutranext;

    and

//
//
//
//
//
//
//

15

5. Within 4 days of the date of this Order, defendants **shall** either file Documents 96 and 96-1 (Exhibits B and C to the Young Declaration) on the public docket; **<u>OR</u>** move to seal Documents 96 and 96-1, which motion shall be accompanied by proposed redactions to the documents and be supported by a declaration or other competent evidence of the potential harm from disclosure of the information.

**IT IS SO ORDERED.**

Dated:  July 28, 2020

Hon. Karen S. Crawford
United States Magistrate Judge