| | |
|---|---|
| 1 | Michael D. Adams (State Bar No. 185835) |
| | madams@rutan.com |
| 2 | Seth M. Jessee (State Bar No. 310983) |
| | sjessee@rutan.com |
| 3 | Sarah Gilmartin (State Bar No. 324665) |
| | sgilmartin@rutan.com |
| 4 | RUTAN & TUCKER, LLP |
| | 611 Anton Boulevard, Suite 1400 |
| 5 | Costa Mesa, California 92626-1931 |
| | Telephone: 714-641-5100 |
| 6 | Facsimile: 714-546-9035 |

Attorneys for Defendant
Avicenna Nutraceutical, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CERTIFIED NUTRACEUTICALS, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THE CLOROX COMPANY, a Delaware Corporation; NEOCELL CORPORATION, a California Corporation; NEOCELL HOLDING COMPANY, a Delaware Limited Liability Company; NUTRANEXT, a Delaware Corporation; AVICENNA NUTRACEUTICAL, LLC, a Georgia Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:18-CV-00744-W-KSC<br><br>Judge:<br><br>**AVICENNA NUTRACEUTICAL, LLC'S OBJECTIONS TO DECLARATION OF AHMAD ALKAYALI IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>[Filed concurrently with Reply in Support of Defendant's Motion for Summary Judgment, Supplemental Declaration of Michael Adams] |

Defendant Avicenna Nutraceutical, LLC ("Avicenna") hereby objects to the evidence presented by Plaintiff Certified Nutraceuticals, Inc. ("Certified") in connection with Certified's Opposition to Avicenna's Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment (the "Opposition" [Dkt. 126]), specifically Paragraph 5 of the Declaration of Ahmad Alkayali (the "Alkayali Decl." [Dkt. 126-1]), and moves to strike the same.

Rutan & Tucker, LLP
attorneys at law

2945/034137-0003
15623896.1 a10/12/20

-1-

AVICENNA NUTRACEUTICAL, LLC'S
OBJECTIONS TO DECLARATION OF
AHMAD ALKAYALI

## I. INTRODUCTION

Paragraph 5 of the Alkayali Declaration claims corrective advertising expenses as actual injury suffered by Certified, although Certified never claimed this purported injury in its interrogatory responses or in its initial disclosures. Certified's failure to disclose this damages claim precluded Avicenna from investigating and challenging it. Thus, pursuant to Rule 37(c), Avicenna requests that the Court strike Paragraph 5 of the Alkayali Declaration.

## II. EVIDENTIARY MATERIAL TO WHICH AVICENNA OBJECTS

Avicenna objects to and moves to strike Paragraph 5 of the Alkayali Declaration, which provides in full as follows:

> Similarly, if Mr. Zimmer had picked the time period from 2014 through 2019 as the relevant time period, it also would have shown an increase in Advertising & Promotion expenditures. In 2014, Certified Nutraceuticals' expenditures on Advertising & Promotion was $55,579. (Zimmer Report at p. 5.) If this spending had remained constant, the total expenditures from 2014 through 2019 would have been $333,474 [6 * $55,579]. In reality, because Certified Nutraceuticals had to combat the false advertising by the Clorox Defendants and Avicenna, Certified Nutraceuticals was required to spend $456,972 on Advertising & Promotion from 2014 through 2019. (Zimmer Report at p. 5.) This was an increase of $123,498, or 37% more than Certified Nutraceuticals would have spent on Advertising & Promotion if the expenditures had remained at 2014 levels from 2014 through 2019. I attribute this increase in spending to a conscious effort by Certified Nutraceuticals to educate consumers about the benefits of Certified Nutraceuticals' collagen products that was required by the Clorox Defendants' and Avicenna's wrongful false advertising.

(Alkayali Decl., ¶ 5.) In short, the Alkayali Declaration claims corrective advertising expenses as actual injury suffered by Certified.

## III. GROUNDS FOR OBJECTION

Rule 26(e) of the Federal Rules of Civil Procedure provides that litigants have

Rutan & Tucker, LLP
attorneys at law

2945/034137-0003
15623896.1 a10/12/20

-2-

AVICENNA NUTRACEUTICAL, LLC'S
OBJECTIONS TO DECLARATION OF
AHMAD ALKAYALI

a continuing duty to supplement all interrogatory responses under Rule 33 if their prior responses are either incomplete or incorrect. Fed. R. Civ. P. 26(e)(1) ("A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . ."). Rule 37 provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

In response to Avicenna's Interrogatory No. 13 ("State all facts and IDENTIFY all PERSONS with information to support YOUR contention, as alleged in paragraph 36 of the COMPLAINT, that YOU have 'suffered both an ascertainable economic loss of money and reputational injury by the aforementioned scheme.'"), Certified responded under oath, in part, as follows:

> Plaintiff suffered an ascertainable economic loss of money because customers seeking to purchase chicken sternal collagen choose to purchase from Avicenna instead of Plaintiff due to the fact that Avicenna sells its products at a lower cost. As such, Plaintiff has suffered a loss of these sales since one of only a few suppliers in the market.
>
> Because Defendants Subject Products contain a cheap and less effective collagen, Plaintiff risks damages to its reputation when Defendants collagen product does not work as it is advertised. Avicenna's customers will stop continuing to purchase chicken sternal collagen (thereby injuring Plaintiff) because they will believe chicken sternal collagen is not effective (since Avicenna's is not in fact effective).

(Declaration of Michael Adams in support of Avicenna's Motion for Summary Judgment ["Adams Decl."], ¶ 23, Ex. V at p.p. 10-11.) Certified did not claim

Rutan & Tucker, LLP
attorneys at law

2945/034137-0003
15623896.1 a10/12/20

-3-

AVICENNA NUTRACEUTICAL, LLC'S
OBJECTIONS TO DECLARATION OF
AHMAD ALKAYALI

corrective advertising expenses as actual injury in its interrogatory responses or in its initial disclosures, nor did it amend those responses to include such expenses.

Accordingly, Certified cannot claim corrective advertising expenses as actual injury in its Opposition, and Paragraph 5 of the Alkayali Declaration must be stricken. *See, e.g., Cambridge Electronics Corp. v. MGA Electronics, Inc.*, 227 F.R.D. 313, 323 (C.D. Cal. 2004) (holding that in opposing summary judgment plaintiff cannot rely on fact disclosed "[n]either in its original interrogatory answers, nor in any Rule 26(e) supplement," when "the testimony [the declarant] now proffers was available to plaintiff at the time it answered the interrogatories defendants propounded").

Had Certified identified corrective advertising expenditures in its interrogatory responses, then Avicenna could have investigated and challenged this claim – for example, via the deposition of Alkayali or Avicenna's expert report of Brian Bergmark. *See, e.g., Cambridge Electronics Corp.*, 227 F.R.D. at 325 ("Had plaintiff disclosed this alleged conversation during discovery, defendants could have investigated the information, and perhaps deposed [the declarant]. Plaintiff did not, however, and defendants have no way to rebut or explain the evidence at this point."); *Sutrisno v. WebMD Practice Services, Inc.*, No. CV 04–4516, 2005 WL 8154571, at *8-10 (C.D. Cal. June 30, 2005) (finding prejudice from plaintiff's failure to disclose damages theory in interrogatories and excluding evidence).

For example, Avicenna could have challenged whether the alleged corrective advertising expenses were to correct advertising by Avicenna or Clorox. Each has very different customers: Avicenna sells to nutraceutical companies while Clorox sells to end users. Thus, the alleged corrective advertising would be targeted to different audiences and would therefore be placed in different advertising media. Avicenna could have challenged whether the alleged corrective advertising was to correct the term Avicenna used to describe its product prior to January 2018 versus after that date; i.e., "Avian (Chicken) Sternum Cartilage" versus "Chicken (Avian)

Rutan & Tucker, LLP
attorneys at law
2945/034137-0003
15623896.1 a10/12/20
-4-
AVICENNA NUTRACEUTICAL, LLC'S
OBJECTIONS TO DECLARATION OF
AHMAD ALKAYALI

Full Frame Sternum Cartilage." Because Mr. Alkayli testifies that the latter term "makes no sense" and that he had "never heard that term" prior to his deposition in August 2020, it is unclear what corrective advertising Certified would have conducted after January 2018 to correct a term he had never heard. Further, Avicenna could have challenged whether the alleged corrective advertising was to correct explicit advertising of a product as "100%," which Certified purports to show is a term Clorox used, whereas it is undisputed Avicenna never advertised its product as "100%."

In short, Certified conveniently attributes its entire increase in advertising expenditure over a five year period to corrective advertising supposedly needed to correct advertising by "Clorox and Avicenna," but fails to identify any corrective advertising he actually conducted, whose advertising was being corrected, or what advertising statements were being corrected. Certified's failure to disclose corrective advertising expenses as alleged actual injury in discovery precluded Avicenna from challenging Mr. Alkayali's conclusory, unsupported and speculative testimony. As such, Certified's failure to disclose this damages theory has prejudiced Avicenna.

Therefore, pursuant to Rule 37(c), Avicenna respectfully requests that the Court strike Paragraph 5 of the Alkayali Declaration.

Dated:  

RUTAN & TUCKER, LLP
MICHAEL D. ADAMS
SETH M. JESSEE
SARAH GILMARTIN

By:  */s/ Michael D. Adams*
Michael D. Adams
Attorneys for Defendant
Avicenna Nutraceutical, LL

Rutan & Tucker, LLP
attorneys at law

2945/034137-0003
15623896.1 a10/12/20

-5-

AVICENNA NUTRACEUTICAL, LLC'S
OBJECTIONS TO DECLARATION OF
AHMAD ALKAYALI