# SERGENIAN LAW
a Professional Corporation

David A. Sergenian, SBN 230174
 david@sergenianlaw.com
2355 Westwood Blvd. #529
Los Angeles CA 90064
Telephone: (213) 435-2035

Attorneys for Plaintiff CERTIFIED NUTRACEUTICALS, INC.

## UNITED STATES DISTRICT COURT
## SOUTHEN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CERTIFIED NUTRACEUTICALS, INC., a California corporation,<br><br>  Plaintiff,<br>  v.<br><br>THE CLOROX COMPANY, a Delaware corporation;<br>NEOCELL CORPORATION, a California corporation,<br>NEOCELL HOLDING COMPANY, a Delaware limited liability company;<br>NUTRANEXT, a Delaware corporation;<br>AVICENNA NUTRACEUTICAL, LLC, a Georgia limited liability company; and DOES 1 through 10, inclusive<br><br>  Defendant. | Case No. 3:18–cv–00744–W–KSC<br><br>**PLAINTIFFCERTIFIED NUTRACEUTICALS, INC.'S OPPOSITION TO THE CLOROX DEFENDANTS' EX PARTE APPLICATION FOR:**<br>**(1) RECONSIDERATION OF THE COURT'S ORDER ON THE CLOROX DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND**<br>**(2) LEAVE TO FILE SUCCESSIVE MOTION FOR SUMMARY JUDGMENT [DKT 148]**<br><br>Assigned to the Hon. Thomas J. Whelan |

Plaintiff Certified Nutraceuticals, Inc. ("Certified Nutraceuticals") opposes the *Ex Parte* Application of The Clorox Company, Nutranext, and Neocell Holding Company (collectively, "Clorox Defendants") for (1) Reconsideration of the Court's Motion for Summary Judgment, and (2) for Leave to File a Successive Summary Judgment Motion ("Application") [Dkt 148]. The Application is procedurally improper, untimely, fails to meet or even address the standards the Clorox Defendants must meet to receive the requested relief, and, if granted would deprive Certified Nutraceuticals of its due process rights.

***First***, the Clorox Defendants fail to offer any justification for filing the Application (styled a "Request") without adhering to the requirements of a noticed motion. A proper *ex parte* application must "address … why the regular noticed motion procedures must be bypassed," i.e., "it must show why the moving party should be allowed to go to the head of the line in front of all other litigants and receive special treatment." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). This requires the moving party to "show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and "that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Id*.; *see also Hammett v. Sherman*, No. 19-CV-605 JLS (LL), 2019 WL 8013763, at *1 (S.D. Cal. Sept. 23, 2019). "An *ex parte* application is a means of obtaining extraordinary relief and is appropriate in only rare circumstances." *Santos v. TWC Administration LLC*, No. CV 13-04799 MMM (CWx), 2014 WL 12703021, *1 (C.D. Cal. 2014).

Here, the Clorox Defendants do not attempt to show irreparable prejudice, nor can they establish that they were without fault in creating the purported crisis that requires *ex parte* relief. In September 2020, the Clorox Defendants moved for summary judgment [Dkt 117] but neglected to address Certified Nutraceutical's claim for injunctive relief. They did, however, address literal falsity, and the parties fully briefed the issue. The Court, in the Order Granting In Part and Denying In Part the Clorox Defendants' Motion

for Summary Judgment [Dkt 141] ("MSJ Order"), properly addressed injunctive relief on its own, and correctly held that a jury could find literal falsity. Currently, there remains sufficient time for the Clorox Defendants to file a noticed motion given that the Final Pretrial Conference has been scheduled to take place, pursuant to the parties' joint request, in mid-March 2022. [Dkt 150 at 3.] Accordingly, there is no reason why the Clorox Defendants' Application could not have been filed as a noticed motion. Moreover, the Clorox Defendants are solely at fault for failing to make any arguments regarding injunctive relief in their summary judgment motion. Accordingly, *ex parte* relief is not warranted and should not be granted.[1]

**Second**, no matter how the Application has been styled, the relief the Clorox Defendants seek is reconsideration of the MSJ Order. (*See* Application at 2–3 (asking the Court to change its conclusion with respect to the availability of injunctive relief and literal falsity).) Accordingly, not only would such a request need to be made by noticed motion, the Clorox Defendants would not be able to meet their burden of showing that reconsideration is appropriate under these circumstances.

There are two ways by which a party may seek substantive reconsideration of an order on a motion for summary judgment: (1) Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment), or (2) Federal Rule of Civil Procedure 60(b) (motion for relief from judgment). *See Hinton v. Pac. Enter.*, 5 F.3d 391, 395 (9th Cir. 1993).

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation omitted). "Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the

---

[1] In addition, Certified Nutraceuticals notes that the Clorox Defendants failed to include a meet and confer declaration in support of the Application, as required by Chamber's Rule No. 5.

district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id*. (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id*. (emphasis omitted). It does not give parties a second bite at the apple. *See id*. "[A]fter thoughts or shifting of ground do not constitute an appropriate basis for reconsideration. *Ausmus v. Lexington Ins. Co.*, No. 08-CV-2342-L, 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009) (Lorenz, J.) (internal quotation omitted); *see also J & J Sports Prods., Inc. v. Brummell*, No. 15CV2601-MMA (MDD), 2016 WL 4595140, at *1 (S.D. Cal. Sept. 2, 2016) (citing *Exxon Shipping Co. v. Baker*, 544 U.S. 471, 486-87 (2008)) (Rule 59 may not be used to relitigate old matters, raise new arguments, or present evidence that could have been raised prior to entry of the judgment.).

Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances. *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1992) (citing *Ben Sager Chem. Int'l v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977)). Under Rule 60(b), a court may grant reconsideration based on: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud, misrepresentation, or misconduct by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b). The last prong is "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007) (internal quotations omitted).

Here, in addition to the fact that the Application fails to give Certified Nutraceuticals proper notice and an opportunity to be heard, the Application is deficient because it is a disguised motion for reconsideration that fails to address, let alone meet, the

requirements of a such a motion. In their Application, the Clorox Defendants take issue with the Court's finding that "[b]ecause the raw ingredient of CJC is not made of 100% collagen type II from chicken sternal cartilage, a factfinder could conclude that labeling the CJC product as pure sternal chicken cartilage is literally false." Specifically, the Clorox Defendants argue that they met their burden on summary judgment to show an absence of evidence to support Certified Nutraceutical's claim of literal falsity and that summary judgment should have been granted. In other words, the Clorox Defendants are asking the Court to reconsider a holding in its summary judgment order. The issue they seek to relitigate, however, has already been addressed by the Court in the MSJ Order, there is no reason it could not have been addressed in the summary judgment moving papers, and the Clorox Defendants point to no grounds for seeking reconsideration of the MSJ Order other than their disagreement with the Court's reasoning. They are simply trying to relitigate issues already decided by the Court. They point to no new evidence, no intervening change in the law, and no clear error committed by the Court. Moreover, there are no extraordinary circumstances that could justify reconsideration under Rule 60(b).

In the alternative, the Clorox Defendants seek leave to address whether the request for injunctive relief is moot. This is merely an attempt to raise an argument regarding injunctive relief that the Clorox Defendants neglected to raise in its motion for summary judgment. Accordingly, this also is not a proper basis for reconsideration. *See Kona*, 229 F.3d at 890; *Ausmus*, 2009 WL 2058549, at *2.[2]

***Third***, although the Clorox Defendants acknowledge that filing a successive summary judgment motion would require modification of the Scheduling Order, they offer no facts to establish good cause under Fed. R. Civ. P. 16(b), which is required in a motion

---

[2] In addition, the Application is untimely in that a motion for reconsideration must be filed within 28 days of the entry of the order. Civ. L.R. 7.1(i)(2). Here, the MSJ Order issued on September 29, 2021, meaning the deadline to seek reconsideration was October 27, 2021. The Clorox Defendants' Application was not filed until October 28, 2021.

to modify the Scheduling Order. Rule 16(b) requires that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" considers the diligence of the party seeking relief. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (citing Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)). If the moving party was not diligent, then "the inquiry should end." *Id.* The party seeking to continue or extend the deadline bears the burden of showing good cause. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

Here, the Clorox Defendants have not met their burden of showing good cause. The Scheduling Order required all summary judgment motions to be filed no later than September 14, 2020. [Dkt 81.][3] The Clorox Defendants addressed literal falsity in their moving papers, it was fully briefed, and the Court properly ruled on that issue based on a fully developed record. With respect to injunctive relief, the only reason the Clorox Defendants were unable to address injunctive relief in their motion for summary judgment was because they apparently did not spot that issue when they filed their motion. It was the Clorox Defendants' burden on summary judgment to address all relief sought by the operative complaint. Their failure to do so does not establish that they were diligent in seeking a modification of the pretrial schedule. Accordingly, "the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d at 609.

The Clorox Defendants claim that if the Scheduling Order is modified, there will be good cause because the case may be disposed in their favor. However, they cite to no authority holding that modification of the Scheduling Order to allow relitigation of issues already decided by a court (one of which was briefed and the other of which the moving

---

[3] *See also* Fed. R. Civ. P. 56 (summary judgment motion may only be filed "until 30 days after the close of all discovery" unless the court or local rules set a different time limit). Here, the close of all discovery occurred before September 14, 2020. [Dkt 81.]

party neglected to brief) constitutes good cause merely because it might prove to be beneficial to the moving party. The Clorox Defendants' argument ignores the fact that literal falsity had been fully briefed when the Court issued the MSJ Order and nothing prevented the Clorox Defendants from briefing the issue of injunctive relief prior to filing the motion for summary judgment. *Accord D.C. v. Cnty. of San Diego*, Case No.: 15-cv-1868-MMA (NLS), at *6-7 (S.D. Cal. Jan. 25, 2021) ("changing litigation strategy after exhausting appeals is not good cause for finding diligence under Rule 16(b)(4)").

***Fourth***, the Clorox Defendants should not be given leave to file a successive summary judgment motion because the facts and circumstances here do not justify piecemeal litigation of this case by successive summary judgment motions. The Ninth Circuit has held that "district courts have discretion to permit successive motions for summary judgment," and that doing so may "foster[] the 'just, speedy, and inexpensive' resolution of suits." *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010) (citations omitted). Due to the potential for abuse, district courts retain discretion to "weed out frivolous or simply repetitive motions." *Id*. (citation omitted). "[A] successive motion for summary judgment is particularly appropriate on an expanded factual record." *Id*. (citing *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 569 (11th Cir. 1990) ("Two motions for summary judgment may be ruled upon in the same case, particularly when discovery has been extended for good reason …."); *Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 810 F.2d 243, 251 (D.C. Cir. 1987) ("A subsequent motion for summary judgment based on an expanded record is always permissible."); *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 835 (6th Cir. 2000) ("District courts may in their discretion permit renewed or successive motions for summary judgment, particularly when the moving party has expanded the factual record on which summary judgment is sought.")). However, successive summary judgment motions are disfavored. *See Allstate Fin. Corp. v. Zimmerman*, 296 F.2d 797, 799 (5th Cir. 1961) (federal courts "do not approve in general the piecemeal consideration of successive motions for summary judgment because parties ought to be

held to the requirement that they present their strongest case for summary judgment when the matter is first raised").

Here, the Clorox Defendants cannot point to an expanded factual record justifying their proposed second motion for summary judgment. There has been no discovery after the Clorox Defendants' first summary judgment motion was filed, and no other developments that would justify a successive motion for summary judgment. *Cf. Hoffman*, 593 F.3d at 911–912 (a second summary judgment motion was appropriate based on a subsequent deposition of an expert, testimony at trial, and the addition of a new expert witness after a mistrial, which expanded the factual record beyond what it had been at the time of the pretrial summary judgment motion; "A party may make a renewed motion for summary judgment where the motion presents newly discovered facts supporting the issues reasserted in the motion."). Instead, the Clorox Defendants merely ask the Court to give them a second chance to address literal falsity and an opportunity to address issues regarding injunctive relief that the Clorox Defendants did not address in the first summary judgment motion, but which the Court addressed in the MSJ Order based on a fully developed record. Under these circumstances, a successive summary judgment motion is not warranted. *See, e.g.*, *San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, Case No. 18cv967-GPC(RBB), at *2-3 (S.D. Cal. Nov. 10, 2020) (denying leave to file second summary judgment motion; "CEFCU does not explain why it did not or was unable to seek the Court's ruling on the fourth claim in its initial summary judgment motion. Instead, Defendant presents arguments why the fourth claim should be dismissed.").

Accordingly, Certified Nutraceuticals respectfully requests that the Court deny the Clorox Defendants' *Ex Parte* Application in its entirety.

Dated: November 1, 2021

Respectfully submitted,

**SERGENIAN LAW**
a Professional Corporation

By:   */s/David A. Sergenian*
      David A. Sergenian

Attorneys for Plaintiff CERTIFIED NUTRACEUTICALS, INC.