UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CERTIFIED NUTRACEUTICALS, INC., a California Corporation,<br><br>         Plaintiff,<br><br>v.<br><br>THE CLOROX COMPANY, et al,<br><br>         Defendants. | Case No.: 3:18-cv-744 W (KSC)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO AMEND THE SCHEDULING ORDER TO SUBMIT SUCCESSIVE MOTION FOR SUMMARY JUDGMENT [DOC. 156]** |

  Defendants The Clorox Company, Nutranext, and Neocell Holding Company (collectively, "Defendants") request a modification of the scheduling order to accommodate a successive motion for summary judgment with respect to Plaintiff's remaining claim for injunctive relief. (*Mot.* [Doc. 156].) Plaintiff Certified Nutraceuticals, Inc. opposes the Motion on grounds that Defendants failed to meet their burden to show "good cause" because they were aware of the facts now presented when they filed their first summary judgment motion on September 14, 2020—the last day to file dispositive motions. (*Opp'n* [Doc. 159].)

  The Court decides the matter without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons discussed below, Defendants' Motion to Amend the Scheduling Order [Doc. 156] is **GRANTED**.

## I.  BACKGROUND

Defendants moved for summary judgment on September 14, 2020—the last day to file dispositive motions in this case. [Doc. 117]. On September 29, 2021, the Court granted in part and denied in part Defendants' Motion, dismissing all of Plaintiff's claims except for its claim for injunctive relief. [Doc. 141]. Then on October 28, 2021, Defendants filed an ex parte application seeking: (1) clarification of certain language in the Court's Summary Judgment Order; and (2) modification of the scheduling order to permit Defendants to file a second motion for summary judgment after the dispositive motion deadline.

On November 3, 2021, the Court clarified the Summary Judgment Order, denied Defendants' request to modify the scheduling order without prejudice, and instructed Defendants to file a noticed motion instead. [Doc. 155]. Defendants did so on November 24, 2021. [Doc. 156]. Plaintiff opposed the noticed motion on December 20, 2021 [Doc. 159], and Defendants filed their reply on December 27, 2021 [Doc. 161].

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 16(b)(4) provides that scheduling orders "may be modified only for good cause and with the judge's consent." The party seeking an amendment bears the burden of showing good cause. Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). On the one hand, this "good cause" inquiry "primarily considers the diligence of the party seeking the amendment," and "the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "If that party was not diligent, the inquiry should end." Id. On the other hand, the Supreme Court "has long recognized that a district court possesses inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Dietz v. Bouldin, 579 U.S. 40, 45 (2016) (internal quotations and citation omitted). Indeed, under the Civil Justice

Reform Act, 28 U.S.C. Section 471, "[f]ederal trial courts are now required, by statute, to implement techniques and strategies designed to dispose of cases in an efficient and inexpensive manner." Schwarzkopf Techs. Corp. v. Ingersoll Cutting Tool Co., 142 F.R.D. 420, 423 (D. Del. 1992). Additionally, "all of the Federal Rules of Civil Procedure [] are subject to the injunction of Rule 1 that they be construed to secure the just, *speedy*, and *inexpensive* determination of every action." Herbert v. Lando, 441 U.S. 153, 177 (1979) (internal quotations and citation omitted).

### III.  DISCUSSION

Defendants argue that good cause exists to modify the scheduling order to allow a second motion for summary judgment with respect to Plaintiff's remaining claim for injunctive relief. (*Mot.* at 3.) They argue that a second motion "would promote efficiency by resolving this matter without the need for trial," and that they were diligent because the issues they "wish to address in a second motion for summary judgment did not crystalize until the issuance of the Court's [Summary Judgment] Order and the subsequent Clarification." (*Id.* at 3-4, 7.)

Plaintiff counters that there is no good cause because Defendants "are solely at fault for failing to make any arguments regarding injunctive relief in their First [Motion for Summary Judgment], and cannot now get a second bite at the apple." (*Opp'n* at 3.) Moreover, "despite [] Defendants' argument that the issue did not crystalize, [they] should have been aware of what the issues were when they filed the First [Motion for Summary Judgment]." (*Id.* at 6.)

It is true that Defendants could have argued the deficiency of Plaintiff's injunctive relief claim in their first motion for summary judgment. As Defendants even admit, that claim is "subject to dismissal based on facts *already identified*." (*Mot.* at 3; emphasis added.) But jumping to trial on one claim for injunctive relief without at least attempting to dispose the issue on the papers is inefficient and a waste of judicial resources. See, e.g., Thornton v. Ethicon Inc., 2021 WL 2661220, at *2 (D. Ariz. Apr. 26, 2021)

("Although Defendants did not act diligently to file their supplemental motion for summary judgment by the deadline … the Court finds that addressing the punitive damages claim now, rather than reserving the issue for trial, would best serve the interests of justice and judicial economy.")  Thus, permitting a successive motion for summary judgment will further the purposes of the Civil Justice Reform Act and Federal Rule of Civil Procedure 1 "to secure the just, speedy, and inexpensive determination" of this matter.

## IV.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Amend the Scheduling Order to File a Successive Motion for Summary Judgment [Doc. 156] and **ORDERS** as follows:

A. Defendants' deadline to file a successive motion for summary judgment is **April 4, 2022**;

B. Defendants shall contact the Court to obtain a hearing date prior to filing their motion.

**IT IS SO ORDERED.**

Dated:  March 3, 2022

Hon. Thomas J. Whelan
United States District Judge